**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-35435 |
| Plaintiff - Appellee, | D.C. No. 2:00-cr-00059-JCC |
| v. | |
| VY THI THACH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submission Deferred May 9, 2012
Seattle, Washington
Submitted April 5, 2013

Before: HAWKINS, GOULD, and BYBEE, Circuit Judges.

Vy Thi Thach appeals the denial of her petition for a writ of error coram nobis.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Thach's petition rises or falls on whether *Padilla v. Kentucky*, 559 U.S. 356

(2010), applies retroactively. It is therefore foreclosed by the Supreme Court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

decision in *Chaidez v. United States*, 133 S. Ct. 1103, 1105 (2013), which held that "under the principles set out in *Teague v. Lane*, 489 U.S. 288 (1989), *Padilla* does not have retroactive effect."

That the Supreme Court applied *Teague* in evaluating Chaidez's challenge to her federal conviction reinforces our authority holding that *Teague*'s framework applies to collateral attacks on federal convictions.[1] *See United States v. Sanchez-Cervantes*, 282 F.3d 664, 667 (9th Cir. 2002) (*Teague* applies to federal prisoners).

**AFFIRMED.**

---

[1] The Supreme Court declined to consider Chaidez's arguments that *Teague*'s bar on retroactivity should not apply when a petitioner challenges a federal conviction, or at least should not apply when there is a claim of ineffective assistance of counsel. *Chaidez*, 133 S. Ct. at 1113 n.16.